UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VENTURE TECH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-687-PLR-HBG |
| ) | |
| THE HARTZ MOUNTAIN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Venture Tech's Motion for Sanctions and a Contempt Finding [Doc. 61] and the Motion of the Graham Law Firm, PLLC, to Dismiss Proceeding for Attorneys' Fees in this Court Without Prejudice [Doc. 69]. For the reasons more fully stated below, the Court **RECOMMENDS** that Venture Tech's Motion for Sanctions and a Contempt Finding [**Doc. 61**] be **GRANTED IN PART AND DENIED IN PART** and that the Motion of the Graham Law Firm, PLLC To Dismiss Proceeding for Attorneys' Fees in this Court Without Prejudice [**Doc. 69**] be **DENIED.**

**I.     BACKGROUND**

The history of this case has been outlined in previous Court Orders [Docs. 57, 58, 67]. The only remaining issue is a dispute regarding attorney's fees between Venture Tech and its former counsel, Mark Graham and the Graham Law Firm, PLLC ("GLF"). On November 3, 2015, the Court ordered [Doc. 58] GLF to comply with Venture Tech's subpoena *duces tecum* and to produce documents requested therein on or before November 20, 2015. Upon request by

1

Attorney Graham, this deadline was extended to November 23, 2015. [Doc. 60]. Subsequently, on November 30, 2015, Venture Tech filed the instant Motion for Sanctions and a Contempt Finding [Doc. 61] moving the Court to (1) find GLF is not entitled to the fees it claims it is owed and (2) to award Venture Tech all fees and expenses incurred in seeking to compel discovery. GLF filed a Response [Doc. 64] objecting to Venture Tech's Motion. The Court scheduled a hearing on the Motion for December 16, 2015.

On December 15, 2015, at 6:00 p.m., the day prior to the hearing, GLF filed a Supplemental Response [Doc. 65], stating that it had now produced "any and all additional documents pertaining to the third-party users of the NODOR mark and other documents." In addition, GLF stated that "certain redacted billings-related documents will be provided to the Court for in camera review, as stated previously." [Doc. 65 at 2].[1] On December 16, 2015, the parties appeared before the Court. Attorneys Stephen Adams and Andrew Neely were present on behalf of Venture Tech, and Attorney Mark Graham was present on behalf of GLF. During the hearing, counsel for Venture Tech explained that he did not have an opportunity to review the documents produced by Attorney Graham, and Attorney Graham stated that it would be advisable for him to obtain outside counsel for GLF. Attorney Graham reported that it would take him approximately three weeks to obtain such counsel. The Court continued the hearing so that GLF could obtain counsel and Venture Tech could review the documents that Attorney Graham had provided.

Following the hearing, the Court entered an Order [Doc. 67] finding that GLF failed to comply with the Court's Order entered on November 3, 2015, ordering Attorney Graham and GLF to comply with Venture Tech's subpoena *duces tecum* by November 20, 2015. The Court issued interim sanctions in the amount of $800 to compensate Venture Tech's counsel for four

---

[1] At no time has this Court ordered an *in camera* review.

hours of time. The Court noted that the interim sanction was "partial compensation to permit the Court to determine if a greater award is appropriate later." The Court held Venture Tech's request for further fees and expenses in abeyance.

The Court rescheduled the hearing on Venture Tech's Motion for Sanctions and a Contempt Finding for February 17, 2016. The Court's Electronic Case Filing system shows that the Clerk of Court sent the parties Notice of the February 17 hearing. Attorneys Andrew Neely and Stephen Adams were present on behalf of Venture Tech, but no one appeared on behalf of GLF. During the hearing, Attorney Adams stated that he had not heard from Attorney Graham, nor had he heard from anyone representing GLF. Attorney Adams stated that he received $800.00 from Attorney Graham on the Tuesday after it was due.[2] With respect to the document production, Attorney Adams stated that while Attorney Graham provided some documents, they were not in PDF format so the metadata could not be extracted. Moreover, Attorney Adams stated that he did not receive any time entries. He explained that the time entries are important because Venture Tech advised Attorney Graham not to work on the case until Venture Tech authorized the work. Attorney Adams requested that the Court (1) dismiss the claims GLF alleged against Venture Tech, (2) order GLF to pay Venture Tech's attorney's fees for litigating this discovery issue, and (3) order GLF to disgorge $13,260 in legal fees that Venture Tech had paid. Attorney Adams stated that he spent 43.25 hours litigating the issue regarding the subpoena and that his billing rate is $220 per hour. The Court took the matter under advisement.

Twelve days later, on February 29, 2016, Attorney Graham filed the instant Motion to Dismiss [Doc. 69]. Venture Tech filed a Response [Doc. 70] objecting to dismissal without prejudice. Attorney Graham did not file a reply.

---

[2] Pursuant to the Court's Order [Doc. 67], GLF was required to remit $800.00 to Venture Tech or Venture Tech's counsel on or before January 15, 2016. During the February 17 hearing, Attorney Adams stated that the check had been mailed on January 15 but was not received until the following Tuesday.

3

## II. POSITIONS OF THE PARTIES

As mentioned above, with respect to Venture Tech's Motion for Sanctions and a Contempt Finding [Doc. 61], Venture Tech requests that the Court issue an order holding that GLF is not entitled to the monetary sums it claims it is owed and award Venture Tech all fees and expenses incurred in litigating this action. Venture Tech argues that GLF failed to comply with the Court's Order. In addition, at the hearing, Venture Tech requested that the Court order GLF to disgorge $13,260 in legal fees.

GLF responded to Venture Tech's Motion [Doc. 64] stating that Venture Tech was attempting to pull GLF away from its clients and other responsibilities. In addition, GLF blamed the departure of an associate and Attorney Graham undergoing surgery for the failure to produce the responsive documents. As mentioned above, GLF also filed a Supplemental Response [Doc. 65] stating that it had produced documents.

With respect to the Motion to Dismiss [Doc. 69], GLF requests that the Court dismiss this matter without prejudice. GLF states that his attorney's lien is still viable and that with the informal advice of another local attorney, GLF seeks to prosecute this action in a "more appropriate forum." GLF states that it was "advised to take this matter to a local Tennessee State Court of appropriate jurisdiction."

Venture Tech filed a Response [Doc. 70] objecting to GLF's Motion to Dismiss. Venture Tech argues that it has asserted counterclaims against GLF and that the counterclaims should remain pending in this Court. Venture Tech submits that its counterclaims would moot GLF's claim. In addition, Venture Tech asserts that the Court has already considered the issue raised in GLF's Motion and has determined that the fee dispute should be decided in this Court. Venture Tech also submits that allowing GLF to restart this process would waste time and resources of

the parties and the Court. Finally, Venture Tech argues that such action would be wholly inequitable given GLF's bad faith in this proceeding.

## III. ANALYSIS

The Court has considered the filings in this case, along with its history. Accordingly, the Court recommends that GLF be sanctioned for failure to comply with this Court's Order, but the Court will not dismiss this action at this time, nor will it order GLF to disgorge any fees.

*(a) Venture Tech's Motion for Sanctions and a Contempt Finding [Doc. 61]*

Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures. Rule 37(b)(2)(A) provides specific sanctions that the Court may impose, including dismissal, for a party who fails to obey an order to provide or permit discovery. Furthermore, Rule 37(b)(2)(C) states that in addition to or instead of the sanctions provided in Rule 37(b)(2)(A), the Court "must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure is substantially justified or other circumstances make an award of expenses unjust."

As explained above, Venture Tech moved to compel GLF to produce documents, and the Court ordered GLF to produce documents on November 23, 2015. GLF produced some documents on December 15, 2015, the day before the hearing and three weeks late. The Court held Venture Tech's Motion in abeyance, allowing time for Venture Tech to review what was produced and allowing time for Attorney Graham to obtain outside counsel. At the February 17 hearing, Attorney Adams stated that he did not receive time entries and that he received documents in PDF format. Neither Attorney Graham, nor any representative of GLF attended the Court's February 17 hearing.

Based on the above circumstances, the Court finds additional sanctions are appropriate in this matter. Grange Mut. Cas. Co. v. Mack, 270 Fed. App'x 373, 378 (6th Cir. 2008) (explaining that "[d]iscovery abusers must be sanctioned, because '[w]ithout adequate sanctions the procedures for discovery would be ineffectual'") (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2281 (2d ed. 1994)). Attorney Adams stated that he spent 43.25 hours litigating the issue regarding the subpoena and that his billing rate is $220. Because Attorney Graham or GLF was not present to object to this request and because the Court was not prounded with billing statements so as to evaluate the reasonableness of the request, the Court recommends that Attorney Adams calculate his reasonable amount of attorney's fees and expenses spent litigating this discovery issue, beginning with drafting the Motion to Compel [Doc. 54] that was filed on August 21, 2015, through the February 17, 2016 hearing. Attorney Adams shall reduce this amount by $800, which has already been paid by GLF and Attorney Graham. The Court further recommends that Attorney Adams send his attorney's fees and expenses to the Court and to GLF or Attorney Graham, within fourteen days of the District Judge's action on this Report and Recommendation.

At this time, the Court declines to order GLF to disgorge $17,460[3] in fees because there is no evidence before it that GLF breached its contractual obligations or its fiduciary duty, and there is no evidence in the record that $17,460 was paid to GLF. Moreover, the Court also declines to find that GLF is not entitled to the monetary sums it claims it is owed. Instead, Attorney Graham and GLF are **ADMONISHED** that future discovery abuses that approach the magnitude of the previous failures may lead to dismissal of their claims against Venture Tech. The undersigned recommends that GLF produce any additional documents as required per the

---

[3] At the hearing, Attorney Adams requested that GLF disgorge $13,260; however, in the Response [Doc. 70], the figure is $17,460.

subpoena *duces tecum* and pursuant to Rule 45 within thirty days of the District Judge's action on this Report and Recommendation.

*(b) GLF's Motion to Dismiss*

As mentioned above, GLF filed a Motion to Dismiss [Doc. 69], requesting that the Court dismiss this action without prejudice so that it may pursue this action in a "more appropriate forum." Rule 41(a)(2) of the Federal Rules of Civil Procedure provides plaintiffs an avenue to dismiss their own cases. Specifically, Rule 41(a)(2) states:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The Rule exists primarily to protect the interests of the defendant, but courts should consider the equities of dismissal as applied to all parties." Ball v. Tennessee Valley Authority, No. 2:13-cv-904, 2015 WL 556437, at *3 (S.D. Ohio Feb. 10, 2015). The purpose of the Rule, however, "is to protect the nonmovant . . . from unfair treatment." Id. (quoting Bridgeport Music, Inc. v. Universal–MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009)). Dismissal pursuant to Rule 41(a)(2) is improper when the nonmoving party would suffer "plain legal prejudice" as a result. Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994).

To determine whether a defendant will suffer plain legal prejudice as a result of dismissal, courts consider the following factors:

> (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiffs explanation of the

7

> need for a dismissal; and (4) whether a motion for summary judgment is pending.

Johnson v. Suntrust Bank, No. 3:13-cv-303, 2013 WL 6147698, at *3 (E.D. Tenn. Nov. 22, 2013). "The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) contemplates." Jones v. W. Reserve Transit Auth., 455 Fed. App'x 640, 643 (6th Cir. 2012).

With respect to the first factor, it is not clear how much effort and expense Venture Tech has put into this case, although a significant amount of time was clearly put into discovery efforts. However, with respect to the second factor, the Court finds that GLF has shown a lack of diligence in pursuing this action. The Court entered an Order [Doc. 51], allowing the parties to participate in limited discovery. To date, GLF has not complied with Venture Tech's subpoena *duces tecum*, even after the Court granted GLF's request for an extension. Furthermore, Attorney Graham failed attend the hearing on Venture Tech's Motion to Compel and failed to explain why he did not attend. Twelve days later, however, he filed the instant Motion. Considering the history of this case, and without hearing from GLF or Attorney Graham, the Court can only assume that the Motion was filed to avoid producing discovery and/or avoid additional sanctions. This Court will not award such behavior.

With respect to the third factor, GLF explains that it wishes to pursue this action in a "more appropriate forum." Again, given the circumstances of this case, the Court finds this bare bones assertion inadequate. It is not clear why GLF believes another forum is appropriate, especially since it previously argued against litigating this issue in state court.

Finally, the Court notes that while a motion for summary judgment is not pending at this

8

time, Venture Tech's efforts at defending this case have been hindered by GLF's behavior. After reviewing the above factors and considering the posture of this case, the Court recommends that this case not be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS**[4] that Venture Tech's Motion for Sanctions and a Contempt Finding [**Doc. 61**] be **GRANTED IN PART AND DENIED IN PART** and that the Motion of the Graham Law Firm, PLLC To Dismiss Proceeding for Attorneys' Fees in this Court Without Prejudice [**Doc. 69**] be **DENIED.** The undersigned recommends that Attorney Adams calculate the reasonable amount of attorney's fees and expenses spent litigating this discovery issue, beginning with drafting the Motion to Compel [Doc. 54] that was filed on August 21, 2015, through the February 17, 2016 hearing and submit the same to the Court and to GLF or Mr. Graham within fourteen days of the District Judge's Order on this Report and Recommendation. The undersigned also recommends that GLF produce any additional documents as required per the subpoena *duces tecum* and pursuant to Rule 45 within thirty days of the District Judge's action on the Report and Recommendation.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).