UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VENTURE TECH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:3:13-CV-687-PLR-HBG |
| | ) |
| THE HARTZ MOUNTAIN CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On June 2, 2016, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 9-page Report and Recommendation (R&R) [R. 71], in which he recommended that Venture Tech's motion for sanctions and a contempt finding [R. 61] be granted in part and denied in part; and that the motion of the Graham Law Firm (GLF) to dismiss proceeding for attorney's fees [R. 69] be denied.

This matter is before the court for consideration of GLF's objections [R. 78, 81] to the Report and Recommendation. Venture Tech filed no objections to the R&R. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which GLF objects. For the reasons that follow, the court finds GLF's objections without merit and the objections will be overruled.

Before the court is a dispute regarding attorney's fees between Venture Tech and its former counsel, Mark Graham and GLF. On November 3, 2015, the court ordered GLF to comply with Venture Tech's subpoena *duces tecum* and to produce documents by November 20, 2015. This deadline was extended to November 23, 2015. Venture Tech filed the instant motion for sanctions and a contempt finding on November 30, 2015, for fees and expenses incurred in seeking to compel discovery. Magistrate Judge Guyton scheduled a hearing on the motion for December 15, 2015. Following the hearing, Magistrate Judge Guyton entered an order finding that GLF failed to comply with the court's earlier order regarding Venture Tech's subpoena and issued interim sanctions in the amount of $800 to Venture Tech.

The court scheduled another hearing for February 17, 2016. Counsel for Venture Tech appeared for the hearing, but no one appeared on behalf of GLF. Instead, on February 29, 2016, Attorney Graham filed the instant motion to dismiss, to which Venture Tech objects.

Magistrate Judge Guyton recommended that Venture Tech's motion for sanctions be granted to the extent that GLF be ordered to produce any additional documents requested by Venture Tech's subpoena *duces tecum*, and that additional sanctions be awarded to Venture Tech for attorney's fees and expenses incurred litigating the discovery issue. Magistrate Judge Guyton further recommended that GLF's motion to dismiss be denied.

GLF objects to the R&R stating that the failure to attend the hearing on February 17, 2016, was due to an inadvertent failure of GLF to note the hearing date on its

calendar. GLF cites a litany of excuses for its failure to note the hearing date and failure to comply with the court's order including the departure of a paralegal, Attorney Graham's medical issues, family issues, and problems with clients. If this had been the first time that GLF had been dilatory in its actions, the court might be persuaded to grant GLF some relief, but that is not the case before the court.

Attorneys have an affirmative duty to monitor and maintain their docket. *See Yeschick v. Mineta,* 675 F.3d 622, 629 (6th Cir. 2012) (finding parties have an affirmative duty to monitor dockets to keep apprised of the entry of orders). The reason for the hearing on February 17, 2016, was to address GLF's failure to comply with court ordered discovery. Thus, the court finds the recommended sanctions are appropriate because GLF failed with comply with the court's order and failed to provide credible reasons for its noncompliance. As stated by Magistrate Judge Guyton, "support staff should not be blamed for an attorney's failure to comply with a court's mandates." *See United States v. Ivens,* 2014 WL 5139327 at *2 (E.D.Tenn. Sept. 12, 2014). Moreover, "the burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith, or fault rests with the sanctioned party." *Laukus v. Rio Brands, Inc.,* 292 F.R.D. 485, 500 (N.D.Ohio 2013). The court agrees with Magistrate Judge Guyton that GLF has exhibited a continued pattern of dilatory behavior which has prejudiced and burdened Venture Tech.

Neither Attorney Graham nor GLF state an objection to Magistrate Judge Guyton's recommendation to deny GLF's motion to dismiss proceeding for attorney's fees.

3

After a careful review of the record, the Court is in complete agreement with Magistrate Judge Guyton's recommendations. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).

It is **ORDERED:**

1. Venture Tech's motion for sanctions [R. 61] is **GRANTED** to the extent that GLF shall produce any additional documents as required by the subpoena *duces tecum* and pursuant to Fed.R.Civ.P. 45 within thirty (30) days of the date of this order.

2. Counsel for Venture Tech shall submit a bill for attorney's fees and expenses spent litigating the discovery issues, beginning with drafting the motion to compel filed on August 21, 2015, through the February 17, 2016 hearing. Counsel shall reduce this amount by $800, which has already been paid by GLF and Attorney Graham. Venture Tech's bill shall be filed within fourteen (14) days of the date of this order.

3. Venture Tech's motion for disgorgement of $17,460 in attorney fees paid to GLF is **DENIED** at this time.

4. GLF's motion to dismiss proceeding for attorney's fees [R. 69] is **DENIED.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**